## J. M. PEVITO ET AL. V. ROBERT J. RODGERS.

1. APPEAL.—The law recognizes no limitation on the right of appeal given by the Constitution to the County Court from a judgment of a Justice's Court, when the amount of the judgment exceeds $20.

2. APPEAL—JURISDICTION.—An appeal lies to the Court of Appeals from a judgment of the County Court dismissing an appeal from a Justice's Court, where the amount of the judgment was for more than $20; and where the civil jurisdiction of the County Court has been transferred to the District Court, an appeal lies, under like circumstances, to the Supreme Court.

3. APPEAL — JURISDICTION.— The limitation imposed by section 16 of article 5 of the Constitution, on appeals from the County Court in causes appealed from a Justice's Court, applies only when there has been a trial *de novo* on the merits, and the recovery was less than $100.

4. APPEAL—JURISDICTION.—The jurisdiction of the Supreme Court is not limited, in the Constitution or statutes enacted in pursuance thereof, by the amount of the judgment appealed from. Its jurisdiction is coëxtensive with the limits of the State of all judgments in civil cases of which the District Courts have original or appellate jurisdiction.

5. APPEAL BOND.—In the absence of proof that the name of one party recited in the body of an appeal bond, as a surety, (but whose signature does not appear to the bond,) was placed in the body of the bond by himself or by his authority, the approval of the officer before whom the bond was executed will not validate it. The mere recitation of the names of sureties in the body of an appeal bond, is not, of itself, sufficient to bind those whose names are thus recited.

APPEAL from Jefferson.  Tried below before the Hon. H. C. Pedigo.

Suit was originally brought in a Justice's Court of Jefferson county, by Robert J. Rodgers against appellants, upon an open account.  Verdict and judgment there for plaintiff for $110.72, from which defendants gave notice of appeal to the District Court, the civil jurisdiction of the County Court having been transferred in said county.  (Acts 16th Leg., 1st Sess., ch. 62, p. 68; Id., ch. 114, p. 125.)

The paper filed as an appeal bond, on the appeal to the District Court, was filed and approved by the justice of the peace

September 4, 1879. At the November Term, 1879, of the District Court, the plaintiff filed a motion to dismiss the appeal for want of sufficient appeal bond. Judgment sustaining the motion, with costs of appeal against the defendants; from which judgment they appealed.

The appeal bond was signed only by V. Blanchette, whose name was not recited in the body of the bond as a surety, but the name of one other party was in the body of the bond mentioned as surety.

A motion was made in this court to dismiss the appeal for want of jurisdiction, because the judgment rendered below did not exceed $100.

*Thomas Russell,* for appellants.

I. An inspection of the transcript shows that the bond was sufficient in amount.

II. The bond contains the names of two sureties—J. Pevito in body of bond, and N. Blanchette at the bottom. Appellants say that it makes no difference in what part of the bond the surety signs, so that he signs it. (18 Tex., 275; Chitty on Cont., 356; 4 Kent's Comm., part 5, ch. 8; 2 Phil. on Ev., ch. 7; 1 Phil. on Ev., ch. 8.)

III. At the time judgment was entered (August 27, 1879) and notice of appeal given, (August 28, 1879,) the law only required one or more sureties to such bonds. (Acts 15th Leg., ch. 103, sec. 92, p. 163.) Bond was filed within ten days, and the law in force when notice of appeal was given governs as to perfecting it. The right had then accrued under the above act. One surety signed at the bottom of the bond. (Revised Code, secs. 4, 5, p. 718.) No law can be retroactive. (Const., art. 1, sec. 16; Paschal's Dig., note 168; Paschal's Annotated Const., 257.)

IV. The act of the Justice's Court in filing and approving the bond was judicial and final, except upon a trial of the facts under proper pleadings. The District Court had no authority to decide as to the place of signature, under the motion to

quash the bond. (18 Tex., 275, and cases cited under second proposition, *supra.*)

*John W. Leonard,* for appellee.

I. To the second proposition, stating that the name of " J. Pevito," in the body of the bond, is his signature and binds him as a surety, I submit the following propositions:

That when, in an instrument, the name of a party is written or signed elsewhere than in the usual place, it must appear from the instrument, in order to make him liable upon it, that the party intended the name so placed as a signature. (Fulshear *v.* Randon, 18 Tex., 277; Benj. on Sales, 2d Am. ed., sec. 259.)

Where, as in this case, the instrument recites the names of the parties, but concludes " witness our hands," &c., this concluding clause demonstrates that the insertion of the name in the body of the instrument is not intended as a signature, and, unless the instrument is signed at the bottom, it will be considered as unexecuted. (Benj. on Sales, 2d Am. ed., sec. 263, citing Hubert *v.* Treherne, 3 M. & G., 743.) The latter authority is directly in point.

II. The bond being an executed instrument only as to the surety V. Blanchette, was insufficient, because only signed by one surety. (Rev. Stats., art. 1639.)

III. The Revised Statutes were in force at the date of the execution of the bond. It is specially provided that, after the Revised Statutes went into effect, "the practice and procedure" in a suit or proceeding then pending, should, as to subsequent proceedings, " be conducted as near as may be in accordance with the Revised Statutes." (Rev. Stats., secs. 5, 6, p. 718.)

IV. The approval of the appeal bond is only conclusive as to the sufficiency of the surety. (Shelton *v.* Wade, 4 Tex., 150.)

MOORE, CHIEF JUSTICE.—The first question with which we are met in this case is, whether the court has jurisdiction of

this appeal. For its proper determination, reference must be had to the origin and history of the case.

In the spring of 1879 the appellee, Robert J. Rodgers, brought suit on an open account against J. M. Pevito and James Mayness, the appellants, before a justice of the peace of Jefferson county, and on the 27th of August, 1879, recovered a judgment against them for the sum of $110.72. From this judgment appellants gave notice of appeal, and on the 9th day of September, 1879, (the civil jurisdiction of the County Court of Jefferson in matters of this character having been, by the act of the Legislature, transferred to the District Court,) filed in said Justice's Court a bond to remove said cause to the District Court. But on the case coming up for trial in the District Court, it was dismissed, on motion of appellee, because the appellants had not given a good and sufficient appeal bond, with two or more sureties, as required by the Revised Statutes in case of an appeal from a judgment of a justice of the peace to the County Court. (Rev. Stats., art. 1839; Acts 16th Leg., ch. 114, p. 125.) From this judgment appellants prosecute this appeal.

The ground of appellee's denial of the right of the court to take jurisdiction of the appeal is, that the judgment of the District Court, which is sought to be reversed, does not exceed the sum of $100.

The statute to which reference has just been made, (Stats. 16th Leg., p. 128,) declares: "That in all counties in which the civil and criminal jurisdiction, or either, of County Courts has been transferred to the District Courts, appeals and writs of *certiorari* may be prosecuted to remove a case tried before a justice of the peace to the District Court, in the same manner and under the same circumstances under which appeals and writs of *certiorari* are allowed by general law to remove causes to the County Courts." Section 16 of article 5 of the Constitution, defining the jurisdiction of the County Court, provides that it "shall have appellate jurisdiction in cases, civil and criminal, of which Justices' Courts have original jurisdic-

tion, but of civil cases only when the judgment of the court appealed from exceeds $20, exclusive of costs, under such regulations as may be prescribed by law." Section 19 of the same article, prescribing the jurisdiction of justices of the peace, says: "And appeals to the County Court shall be allowed in all cases decided in Justices' Courts where the judgment is for more than $20, exclusive of costs, and in all criminal cases, under such regulations as may be prescribed by law." We know of no law—and none has been cited by appellee—which places any limitation upon the right of appeal given by the Constitution to the County Court from judgments of the Justices' Courts when the amount of the judgment exceeds $20, as it undoubtedly did in this case.

It is not insisted, however, that the District Court did not have jurisdiction of the case, if such an appeal bond had been given by appellants as is required by law. But the objection is, that if the civil jurisdiction of the County Court of Jefferson county had not been transferred to the District Court, and the County Court had rendered such judgment as that of the District Court from which this appeal is prosecuted, no appeal could have been prosecuted from that judgment to the Court of Appeals. Therefore, it is contended no appeal will lie from the judgment of the District Court to this court. Neither of these propositions is, in our opinion, correct.

The Constitution gives to the Court of Appeals appellate jurisdiction coëxtensive with the limits of the State in all civil cases, unless otherwise provided by law, of which the County Courts have original jurisdiction; (Const., art. 5, sec. 6;) and in section 16 of the same article it is provided: "In all appeals from Justices' Courts there shall be a trial *de novo* in the County Court, and when the judgment rendered or fine imposed by the County Court shall not exceed $100, such trial shall be final; but if the judgment rendered or fine imposed shall exceed $100, as well as in all cases, civil and criminal, of which the County Court has exclusive or concurrent jurisdiction, an appeal shall lie to the Court of Appeals." Now, under these

constitutional provisions, it might be insisted that if this case had been tried *de novo* in the County Court, and there had been a judgment on the merits for less than $100, an appeal would not lie to the Court of Appeals, notwithstanding the "Act to amend the act to organize the County Courts, approved August 18, 1876," provides, when a case taken on appeal from a Justice's Court to the County Court, that "if the judgment rendered or fine imposed, or amount in controversy, shall exceed $100, an appeal therefrom may be taken to the Court of Appeals."

But the limitation upon the appeal in the Constitution only applies when there has been a trial *de novo* upon the merits and the recovery is less than $100. The legal effect of the dismissal of the appeal in this case by the District Court, if its action cannot be reviewed, is to fix appellants with an absolute liability for the amount of the judgment of the justice of the peace of more than $100. The effect of such a judgment is precisely the same against appellants as if it had resulted from a trial *de novo*. It cannot, therefore, be properly held that the Constitution denies an appeal from it.

But the provisions of the Constitution which we have cited, relied upon by appellee in support of this motion, related to appeals from the County Court to the Court of Appeals; while this appeal is from a judgment of the District Court to the Supreme Court. The jurisdiction of this court is not limited, in the Constitution or statutes enacted in pursuance thereof, by the amount of the judgment appealed from. Its jurisdiction is coextensive with the limits of the State, of all judgments in civil cases of which the District Courts have original or appellate jurisdiction. As the District Court confessedly had appellate jurisdiction of the judgment of the Justice's Court in this case, it must follow that the Constitution gives this court jurisdiction to inquire whether or not the District Court erred in refusing to exercise that jurisdiction and try the case *de novo*. The motion dismissing the appeal must therefore be overruled.

The only question for our decision, on the merits of the

appeal, is, Did the court below err in dismissing the appeal from the judgment of the Justice's Court? Clearly it did not. When the appeal bond was given, the statute required a good and sufficient bond with two or more sureties. · The bond given was signed by but one person, and he does not appear to have been named in it as either a principal or surety, unless he made himself a surety by merely signing the bond.

Appellants insist that the recitation of the names of sureties in the body of the bond, is sufficient evidence to bind parties whose names are thus recited. But this proposition is wholly untenable. There is no proof that the names of these parties were put in the bond by themselves or by their authority. The approval of the bond by the justice of the peace does not warrant such an inference, but merely that he supposed the bond, with the signature of the party whose name is attached to it, was sufficient to perfect the appeal.

AFFIRMED.

[Opinion delivered February 17, 1880.]