### BRAZORIA COUNTY V. B. F. CALHOUN.

(Case No. 1683.)

1. JURISDICTION.— An appeal lies from a justice's court when the judgment rendered is for less than $20, but the matter in controversy is over that amount.

APPEAL from Brazoria. Tried below before the Hon. W. H. Burkhart.

The opinion states the case.

*John Ballowe*, for appellant.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— Only one question is raised by the assignment of errors, viz.: Does an appeal lie from a justice's court where the judgment rendered by the justice is for less than $20, but the matter in controversy is over that amount? The sixteenth section of the fifth article of our constitution gives the county court appellate jurisdiction in civil cases, of which justices' courts have original jurisdiction, when the judgment of the court appealed from shall exceed $20, exclusive of costs, and in no others. Art. 1165 of the Revised Statutes provides that the county court shall have appellate jurisdiction in civil cases, over which the justices' courts have original jurisdiction, when the judgment of the court appealed from or the amount in controversy shall exceed $20, exclusive of costs.

By the twenty-second section of the fifth article of the constitution the legislature is given power by local or general law to increase, diminish or change the civil or criminal jurisdiction of county courts; and in case of any such change of jurisdiction the

legislature shall also conform the jurisdiction of the other courts to such change.

It was doubtless the intention of the eleven hundred and sixty-fifth section of the Revised Statutes to change the appellate jurisdiction of the county courts so that it should not be limited to the amount of judgment rendered by the justice, and to extend it so as to include cases where the amount in controversy was over $20, though the judgment was for a smaller sum. The "amount in controversy" not necessarily being the same in every case as the "judgment of the court," the former words must have been added for some purpose, and that purpose could only have been to increase the appellate jurisdiction of the county court. This being the exercise by the legislature of a legitimate power under the twenty-second section of the constitution, we must give effect to the provision of the statute, and hold that the county court, to which this case was originally appealed, had jurisdiction of the appeal, though the judgment of the justice was for but $15, the amount in controversy between the parties being $65. There was no necessity for the legislature to conform the jurisdiction of any other court to the change, for, at the date of the enactment of the Revised Statutes, no other court had appellate jurisdiction of appeals from justices' courts of cases when the amount in controversy was less than $20. It is only where the jurisdiction of another court will be affected by the change that legislation as to the jurisdiction of such court, so as to make it conform to the increased or diminished powers of the county court, can possibly be required.

The present case would probably present a different question if the appeal were tried in the county court upon the record of the justice's court as in cases of appeal to the supreme court. When the defendant against whom a judgment was rendered had not pleaded in set-off or reconvention, and he alone appealed, the amount in controversy could not well be more than the amount of judgment rendered. The controversy in the appellate court would be as to whether that or a less sum or nothing at all should be enforced against the appellant. It would be different if the plaintiff had appealed for the purpose of obtaining a larger recovery, as then the amount in controversy in the appellate tribunal would be identical with that which was before the lower court. But the trial in the county court is *de novo* and the whole subject of litigation is reopened, and the amount in controversy in the new trial above is the same as it was in the justice's court.

The court of appeals in Jones *v.* Jones, Austin term, 1883 (60 Tex.,

451), in passing upon the appellate jurisdiction of that court in civil cases tried before county courts, have construed the ten hundred and sixty-eighth section of the Revised Statutes (where the same terms are used in fixing the amount from which appeals may be taken in such cases) in accordance with these views. The authority of that court upon this subject is entitled to the greater weight as it has exclusive supervisory jurisdiction over county courts, where with few exceptions questions of this character can arise.

We think that the county court of Brazoria county had jurisdiction of the appeal from the justice's court, and that the district court, to which the cause was removed on account of the disqualification of the county judge, erred in dismissing the appeal. For this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 27, 1884.]