## EVA WILLIAMS v. W. M. SIMS.

### (No. 6706.)

APPEAL from Lamar County. Opinion by WILLSON, J.

PARK, ORONBY & DAILY, counsel for appellant.

HODGES & POLLARD, counsel for appellee.

§ 151. *Appeal from justice's to county court; trial de novo on; without such trial court of appeals will entertain jurisdiction, when.* On August 26, 1889, appellee recovered judgment in justice's court against appellant for $28.20 and costs. On September 3, 1889, less than ten days after the rendition of said judgment, appellant made a motion for a new trial, which on the same day was overruled. On the 13th day of September, 1889, the said date being within ten days after the overruling of the motion for new trial, appellant filed an appeal bond. Said bond is in proper form, contains the statutory conditions, describes correctly the judgment appealed from by stating the style and number of the suit, the justice who rendered it, the date of its rendition, the amount for which it was rendered, and the parties in whose favor it was rendered, and against whom it was rendered. Upon the motion of the appellee, made in the county court, the appeal was dismissed upon the ground that the appeal bond was not filed in time, and that it misdescribed the judgment appealed from. It was error to dismiss the appeal. The appeal bond was filed in time. [3 Civil Cas. Ct. App., § 105.] It did not misdescribe the judgment appealed from, but in all essential particulars described it correctly, and with sufficient certainty to identify it. This court will entertain jurisdiction of an appeal where there has not been a trial *de novo* in the county court, and the amount in controversy or the judg-

ment of the justice's court exceeds $20.   [Pevito v. Rodgers, 52 Tex. 581.]   Judgment reversed, and cause remanded for trial *de novo.*

June 25, 1890.                    Reversed and remanded.