## Gulf, Colorado & Santa Fe Railway Company v. Tom Cunnigan.

### No. 1101.   Decided April 28, 1902.

**1.—Appeal—Jurisdiction—Amount.**

   Courts of civil appeals have jurisdiction of appeals from county courts in cases commenced in justice courts, where the amount sued for was more than $100, though the judgment appealed from was for less. Const., art. 5, sec. 16; Act of April 13, 1895; Rev. Stats., 1895, art. 996.   (Pp. 440-442.)

**2.—Same—Cases Discussed.**

   Brazoria County v. Calhoun, 61 Texas, 223; Pevito v. Rodgers, 52 Texas, 581; Jones v. Jones, 1 White & Willson, Civil Cases, secs. 200-202, discussed and reconciled.   (Pp. 440-442.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from the County Court of Harris County.

*J. W. Terry*, for appellant.

*Stanley Thompson*, for appellee.—When a judgment against a defendant does not exceed one hundred dollars, exclusive of interest and costs, in a case tried in the county court, and the defendant only appeals, the amount of the judgment so appealed from by the defendant is the "amount in controversy." Sayles' Texas Civ. Stats., title 27, chap. 12, art. 996, subdiv. 3; Brazoria County v. Calhoun, 61 Texas, 223, Gordon v. Ogden, 28 U. S., 33; Hill v. Booth, 58 S. W. Rep., 993.

   This court has jurisdiction over final judgments and decrees of the circuit court where the matter in dispute exceeds the sum or value of $2000. The jurisdiction of the court has been supposed to depend on the sum or value of the matter in dispute in this court, not on that which was in dispute in the circuit court. If the writ of error be brought by the plaintiff below, then the sum which his declaration shows to be due may be still recovered, should the judgment for a smaller sum be reversed; and consequently the whole sum claimed is still in dispute. But if the writ of error is brought by the defendant in the original action, the judgment of this court can only affirm that of the circuit court, and consequently the matter in dispute can not exceed the amount of the judgment. Nothing but the judgment is in dispute between the parties.

   The precise question presented by this motion has never been decided by the Supreme Court of our State. Nor has it ever been decided by any of our courts of appeal, except in the one case of Mobly v. Porter, 54 Southwestern Reporter, 655, and in that case Judge Gill labored under the mistaken apprehension that the law had been previously so declared. He does not cite any cases, and the writer has been unable to find any, in which this point has been directly raised and decided. Hence I say that the decision in Mobly v. Porter ought not to be taken as a precedent, as the judge evidently labored under a misapprehension of

the law at the time he decided that case. It has been decided a number of times .that the amount in controversy is the amount claimed in the petition, but upon an examination of those cases I find that they are all cases where the rights of the plaintiff are being considered, and not the rights of the defendant on appeal.

The words "or amount in controversy" used in the statute above referred to and quoted, are inserted there for the benefit of the plaintiff, and are meant to apply only to him, for if there was no such words then the plaintiff would be cut off from his appeal altogether, where he failed to recover any judgment.

GAINES, Chief Justice.—The Court of Civil Appeals for the First Supreme Judicial District have certified for our decision the following question:

"This suit was brought by Cunnigan to recover damages for the alleged breach of a contract to hire. The suit originated in the justice court, in which tribunal the plaintiff recovered a judgment for $200, the amount of damages claimed by him. Upon a trial de novo on appeal to the County Court, judgment was rendered for plaintiff for $50, from which judgment the defendant has appealed to this court and the case is now pending before us. Appellee has filed a motion to dismiss the appeal on the ground that the judgment appealed from, exclusive of interest and costs, does not exceed the sum of $100.

"We respectfully certify for your decision the question of whether or not the motion to dismiss should be sustained upon the ground stated.

"As indicating the unsettled state of the decisions of our Supreme Court upon the question certified, we respectfully call your attention to the cases of Brazoria County v. Calhoun, 61 Texas, 223, and Pevito v. Rodgers, 52 Texas, 581."

In reference to the jurisdiction of the Court of Appeals over appeals from civil cases which had been tried in the county court but which had originated in a justice court, the Constitution of 1876 provided: "In all appeals from justice courts, there shall be a trial de novo in the county court, and when the judgment rendered or fine imposed by the county court shall not exceed one hundred dollars, such trial shall be final; but if the judgment rendered or fine imposed shall exceed one hundred dollars, as well as in all cases, civil or criminal, of which the county court has exclusive or concurrent original jurisdiction, an appeal shall lie to the Court of Appeals under such regulations as may be prescribed by law." Const., art. 5, sec. 16. The statute in reference to the same matter also provided: "An appeal or writ of error may also be taken to the Court of Appeals from any final judgment of the county court rendered on appeal or certiorari in civil cases taken from the justice courts, where the judgment or the amount in controversy exceeds one hundred dollars." Rev. Stats., 1879, article 1382. In Jones v. Jones, 1 White & Willson, sec. 200-2, the Court of Appeals held, by reason of the facts that the Constitution authorized the Legislature to change the

jurisdiction of the county court, and that since the statute changed its jurisdiction as to the finality of its judgment in cases where the amount thereof did not exceed $100, the statute was constitutional; and construing the statute, they held that their jurisdiction depended upon the amount in controversy and entertained the appeal in that case, the amount sued for being over $100, though the judgment recovered was for less. In the amendment to section 16 of article 5 of the Constitution which was adopted in 1891 upon the same subject matter, it was provided that, "In all appeals from justice courts there shall be a trial de novo in the county court, and appeals may be prosecuted from the final judgment rendered in such cases by the county court, as well as all cases, civil and criminal, of which the county court has exclusive or concurrent or original jurisdiction of civil appeals in civil cases to the Court of Civil Appeals, and in such criminal cases to the Court of Criminal Appeals, with such exceptions and under such regulations as may be prescribed by law." This clearly left the jurisdiction of the courts of civil appeals in such cases subject to restriction by the Legislature. The Act of April 13, 1892, which defined the jurisdiction of the courts of civil appeals, made the provision, among others, that, "The appellate jurisdiction of the courts of civil appeals shall extend to civil cases within the limits of their respective districts: * * * (3) Of which the county court has appellate jurisdiction when the judgment or amount in controversy shall exceed one hundred dollars, exclusive of interest and costs." This provision was carried into the Revised Statutes of 1895 as article 996, which reads as follows: "The appellate jurisdiction of the courts of civil appeals shall extend to civil cases within the limits of their respective districts: * * * (3) Of which the county court has appellate jurisdiction when the judgment or amount in controversy or the judgment rendered shall exceed one hundred dollars, exclusive of interest and costs." It would seem that the insertion of the words "or judgment rendered" in the article quoted was either a clerical misprision or a mistake of the printer. But this is unimportant for the reason that the Revised Statutes are to be construed but as a continuation of the former laws. Besides, the word "judgment" and he words "judgment rendered" have necessarily the same meaning, and hence the latter can not affect the construction of the law. The former laws as to the Court of Appeals having been applied to the courts of civil appeals in substantially the same language, the presumption is that the Legislature intended that the later law should receive the same construction which had been given by the courts to the former.

Besides, we think, as an original question, the decision of the Court of Appeals in Jones v. Jones, supra, is correct; and that "the amount in controversy," as used in the statute, means the sum of money or the value of the thing originally sued for in the justice court. We fail to see that the words "judgment" or "judgment rendered," found in the statute, can have any effect save in the possible case where the trial court might render a judgment for an amount greater than that claimed by

the suit. As we understand the case of Brazoria County v. Calhoun, 61 Texas, 223, there the ruling of the Court of Appeals in Jones v. Jones was approved. Nor do we find that this court made a contrary ruling in Pevito v. Rodgers, 52 Texas, 581. There are some expressions in the opinions rendered in the two cases just cited which indicate that the court may have been of opinion that if, in a case appealed from the justice to the county court, a judgment is rendered for the plaintiff for less than $100, no appeal would lie to the Court of Appeals, although the amount sued for may have exceeded that sum. But clearly the proposition was not involved in either case, and hence such expressions are entitled to but little weight, even as persuasive authority.

Our conclusion is that the motion to dismiss should not be sustained and our opinion will be so certified.