R. L. Bishop v. L. A. Lawson.

Decided November 28, 1907.

**Jurisdiction—Amount in Controversy—Appeal—Amendment.**

Where a suit in Justice Court was for more than $100, but, on appeal, plaintiff, in the County Court, reduced his claim by amendment to less than $100, the amount in controversy was determined by his amended petition, and no appeal lay to the Court of Civil Appeals.

Appeal from the County Court of Erath County.  Tried below before Hon. M. J. Thompson.

*J. T. Daniel* and *Martin & George,* for appellant.

*Nugent & Carter* and *Wm. Parnell,* for appellee.

LEVY, Associate Justice.—Appellee files a motion to dismiss the appeal of the appellant in this case, because the Court of Civil Appeals is without jurisdiction to entertain and determine the appeal, in that the amount in controversy in the case does not exceed the sum of $100 exclusive of interest and costs.  The record in this case shows that the appellee filed this suit in the Justice Court, against the appellant, claiming that the appellant was indebted to him, as his tenant, for rental of a farm, in the sum of one-fourth of the value of the cotton crop raised on the place by the appellant, which he alleged the one-fourth rental to be of the value of $175.  The appellee recovered judgment in the Justice Court in the sum of $91.25; and the appellant appealed the case to the County Court.  In the County Court the appellee, under leave of the court had and obtained for the purpose, filed an amended petition, setting up that the appellant, R. L. Bishop, was justly and truly indebted to the appellee in the sum of $91.25 for rent of his premises for the year 1904, the same being the value of one-fourth of the cotton raised by him on said premises; and prayed for judgment against the appellant for said $91.25 and all costs of suit. A trial was had to a jury, who found for the appellee in the sum of $91.25; and the court rendered judgment for appellee for that amount of money.  The appellant appealed from this judgment to this court.

We are of the opinion that the motion to dismiss, as made by the appellee, should be sustained.

When the appellant filed his appeal bond in the County Court the County Court thereby acquired full jurisdiction over the case, and its jurisdiction fully attached for all purposes to the exclusion of the jurisdiction of the Justice Court.  Railway Co. v. Wheeler, 90 S. W., p. 481.  The County Court having acquired full jurisdiction over the case by the appeal then, under the law, the same being a trial de novo, the rules provided by authority of law for the government of the County and District Courts would be applicable to the case, and the appellee had the legal right to make an amendment of his petition upon leave of the court for that purpose.  Rule 12 for District and County Courts, 84 Texas, 710.  Under contemplation of this rule appellee, in amending his petition in the County Court, could withdraw something

from or add something to that which had been previously pleaded, or correct that which had been incorrectly stated in the Justice Court. He could reduce the amount in controversy in the Justice Court to a less amount in controversy in the County Court, so as to correctly meet the amount the proof would show he was entitled to recover; and in doing so he would be acting within warrant of law. A trial, therefore, being had in the County Court on this amended cause of action of the plaintiff, then the amount in controversy between the parties in the County Court is only the sum of $91.25. Under the decisions of the courts in this State, the amount claimed in the petition, as prayed for by the plaintiff, determines jurisdiction; and that question is concluded by its averment of the amount. Ratigan v. Holloway, 69 Texas, 468; Alexander v. Thompson, 38 Texas, 534; Rose v. Riddle, 3 Texas App., C. C., p. 366. So, guided by these decisions and rules announced therein, the amount in controversy in the County Court between these parties was only $91.25, exclusive of costs and interest, as shown by the petition and prayer of the appellee. The case of Gulf, C. & S. F. Ry. v. Cunnigan, 95 Texas, 439, which, as contended by appellants, decides this motion, is not a case nor a question like the appeal before us. There the amount sued for in the Justice Court was $200; and in the County Court the same amount of $200 was in controversy between the parties, while the amount recovered was only $50. The plaintiff in that case did not change nor reduce the amount he sued for in the County Court, as the appellee does in this case before us; and upon that state of facts the Supreme Court held that the amount sued for in the Justice Court, and not the amount of actual recovery in the County Court, determined the amount in controversy on the question of jurisdiction in appeal to the Court of Civil Appeals.

The motion is granted, and the appeal is ordered dismissed.

*Appeal dismissed.*