HUFSTUTLER v. GULF, C. & S. F. RY. CO.
(No. 6116.)

(Court of Civil Appeals of Texas. Austin.
Nov. 5, 1919.)

1. JUSTICES OF THE PEACE ⬥⟲44(8)—AMOUNT IN CONTROVERSY AS AFFECTED BY INTEREST NOT ALLEGED.

In an action for value of steers killed by defendant's trains, in the amount of $195, brought in justice court, interest thereon is not recoverable eo nomine, but only as an item of damages, and must be pleaded, or otherwise it is not a matter in controversy, to be added to the amount sued on in determining jurisdiction.

2. JUSTICES OF THE PEACE ⬥⟲173(3) — EVI-DENCE OF JURISDICTION IN COUNTY COURT ON APPEAL, TRANSCRIPT NOT SHOWING FACT.

On appeal from justice court to county court, if the transcript did not conclusively show that the case was within the jurisdiction of the justice court as originally filed, it was error for the trial court to refuse to hear oral testimony as to what the oral pleadings were below.

3. JUSTICES OF THE PEACE ⬥⟲174(18)—AMEND-MENTS ON APPEAL AS TO JURISDICTIONAL FACTS.

The right conferred by statute and rules on either party to amend pleadings extends to ju-risdictional matters, so that, on appeal from justice court to county court, plaintiff had a right to amend his petition by reducing the amount of his damages, so as to cure the defect as to jurisdiction.

4. JUSTICES OF THE PEACE ⬥⟲164(4)—CORREC-TION OF TRANSCRIPT ON JURISDICTIONAL MATTER.

While it would be a better practice to cor-rect a transcript before the parties proceed to trial in county court on an appeal from justice court, such correction at such time is not im-perative, and certainly not where the alleged jurisdictional defect is not pointed out specific-ally until the motion for a new trial is filed.

Appeal from Lampasas County Court; J. Tom Higgins, Judge.

Suit by T. J. Hufstutler against the Gulf, Colorado & Santa Fé Railway Company in the justice court, where plaintiff obtained a judgment against defendant, and on appeal to the county court a verdict and judgment were rendered for plaintiff. On motion for new trial, a plea to the jurisdiction was sus-tained, the verdict and judgment set aside, and the cause dismissed by the trial court, from which order and judgment plaintiff ap-peals. Reversed, with instructions.

H. F. Lewis, of Lampasas, for appellant.
Word & Walker, of Lampasas, and O. B. Wigley, F. J. Wren, and Terry, Cavin & Mills, all of Galveston, for appellees.

BRADY, J. This suit originated in the justice court; appellant having sued for damages for the value of three steers, alleged to have been killed by appellee, of the total value of $195. He recovered judgment for $150, with interest at 6 per cent. from the date of the injuries. On appeal to the county court he recovered judgment, based upon the verdict of a jury, for $170, with interest from the date of the injuries at the same rate. Upon motion for new trial, appellee urged a plea to the jurisdiction of the court, claiming that the appellant's cause of action showed upon its face that it was beyond the jurisdiction of the justice court, being for the sum of $195, with legal interest from October 1, 1916; the suit having been filed in the justice court March 7, 1918. Appellant in a controverting answer denied under oath the facts alleged in the motion for new trial, and attached the affidavits of the justice of the peace, and his attorney who tried the case below, in support of the jurisdiction of the justice court. The court admitted evidence on the hearing of the motion, which included the transcript from the docket of the justice of the peace, the statement of the cause of ac-tion lodged with him, the citation served up-on appellee from the justice court, and the affidavits attached to the controverting an-swer, but refused to admit oral testimony as to the state of the oral pleadings below. The plea to the jurisdiction was sustained, the verdict and judgment set aside, and the cause dismissed by the trial court, from which order and judgment this appeal was taken.

The transcript from the justice court shows the statement of appellant's cause of action as follows:

"September 30, 1916. To killing three steers, of the value of $65.00 each, said steers being three or four years old, one being killed on September 2, 1916, the second killed September 12, 1916, and the third being killed on Septem-ber 22, 1916, and being of the total value of $195.00."

The memorandum on the justice's docket also shows this entry:

"Suit upon account for $195.00, of date October 1, due October 1, 1916."

The citation introduced in evidence showed a claim for damages in the sum of $195, and the prayer was for that sum, with legal interest from October 1, 1916. The affidavits introduced in evidence showed substantially that before the announcement of ready in the justice court, appellant's attorney orally stated that the amount of damages had been erroneously named in the citation, and that the damages claimed by appellant were only $165; that the dates of the injuries and a brief description of the steers were noted on the back of a letter written by plaintiff's attorney to the justice of the peace, and was filed with the papers; that appellant never claimed more than $165 in his pleadings in the justice court, and that the amount stated in the citation and upon the docket was due to the inadvertence of the justice of the peace; that on appeal the appellant increased his claim for damages to $175, which fact is also shown by the record in the county court.

By several assignments of error appellant assails the action of the trial court in sustaining the motion for new trial and dismissing the cause for want of jurisdiction, and presents the question in several forms. It is not necessary to consider the assignments seriatim, and we will define the discussion of the questions in this opinion to the point that the transcript from the justice court did not show on its face that said court was without jurisdiction, but showed the contrary, and to the further point that the trial court erred in refusing to hear evidence as to what the oral pleadings were in the justice court. We think both of these contentions by appellant should be sustained, and will briefly give our reasons.

[1] In the first place, we are of opinion that the justice's transcript shows that such court had jurisdiction. The amount of the damages was expressly stated to be $195, which was within the jurisdiction of the justice court. It is true that appellant might have claimed the additional item or element of damage of 6 per cent. upon the value of the steers, but the transcript does not show that he claimed this additional sum. "It is not a case where interest is recoverable eo nomine, but if recoverable at all it is only recoverable as an item of damage. This item was not sued for, and was, therefore, not in controversy." This language is quoted from the opinion of the Supreme Court in Ft. W. & R. G. Ry. Co. v. Matthews, 108 Tex. at page 231, 191 S. W. at page 560. The Supreme Court further said in that case that a litigant may, at his election, omit to sue for any item which is due him, and not thereby place such item in controversy, unless it is necessarily involved as a part of some other item of damage that has been placed in controversy. We think the above case is directly in point here, and also some of the other cases cited in that opinion, to which we refer as additional authority.

[2, 3] Upon the other question we entertain the view that, if the justice's transcript be treated as not conclusively showing that the case was within the jurisdiction of the justice court, as originally filed, it nevertheless was error for the trial court to refuse to hear oral testimony as to what the oral pleadings were below. Indeed, the evidence received by the court, which seems to have been introduced without objection, shows that before announcement of ready appellant reduced his damages to the sum of $165, and this was clearly within the jurisdiction of the justice court, even if the element of 6 per cent. damages were added. Our statutes and rules confer the right upon either party to amend pleadings, and this right extends even to a jurisdictional matter. A plaintiff has the right to amend his petition so as to cure a defect of jurisdiction. McDannell & Co. v. Cherry, 64 Tex. 177; Greer v. Richardson Drug Co., 1 Tex. Civ. App. 634, 20 S. W. 1129; Miller v. Newbauer, 61 S. W. 975. When such an amendment is made, the amount claimed upon the trial is the amount in controversy, and not the amount stated in the original pleading. Peeples v. Slayden-Kirksey Woolen Mills, 90 S. W. 61; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 825, 23 S. W. 91; Watson v. Mirike, 25 Tex. Civ. App. 527, 61 S. W. 540.

[4] The view most favorable to appellee's contentions is that the justice's transcript is silent upon whether or not appellant claimed 6 per cent. additional upon the amount of his damages, as originally stated. The entries upon the justice's docket will admit of no broader construction than this, and in such case it would be clearly the duty of the trial court to hear evidence as to what the oral pleadings were below. It may be, as suggested by appellee's counsel, that the better practice would be to have the correction of the transcript made before the parties proceed to trial in the county court. However, we do not think this is imperative, and certainly not where, as in this case, the alleged jurisdictional defect is not pointed out specifically until motion for new trial is filed.

It follows, from what has been said above, this case must be reversed, and it is remanded to the trial court with instructions to reinstate the cause. Reversed, with instructions.

Reversed, with instructions.