## AMERICAN NAT. INS. CO. v. MURILLO.
### (No. 9231.)

Court of Civil Appeals of Texas. Galveston.
Nov. 28, 1928.

Rehearing Denied Dec. 13, 1928.

Kennerly, Williams, Lee & Hill, of Houston, for appellant.

Clarence A. Miller, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee in a justice court of Harris county to recover upon an insurance policy issued to him by appellant. The petition which was filed in the justice court sought to recover the sum of $90.15, with a penalty of 12 per cent., and an additional $25 as attorney's fees.

As noted on the justice's docket, plaintiff's suit was for recovery of only the $90.15 and the $25 attorney's fees. The trial in the justice court resulted in a judgment in favor of plaintiff for $90.15, with interest thereon at 6 per cent. from January 2, 1927, together with a penalty of 12 per cent. and $25 as attorney's fees. From this judgment the insurance company appealed to the county court at law for Harris county.

Before the trial in the court below, the appellee filed an amended petition, in which he makes no claim for the 12 per cent. and the $25 attorney's fees, and only asks recovery for the amount of the policy, $90.15, with interest thereon from January 2, 1927, at 6 per cent. The trial in the court below resulted in a judgment for plaintiff for the amount claimed in the amended petition.

■■ Appellee has filed a motion to dismiss this appeal, on the ground that, it appearing from the record that neither the judgment nor the amount in controversy in the court below exceeds the sum of $100, this court is without jurisdiction to hear and determine the appeal. The motion to dismiss must be sustained. The Constitution and statutes of this state limit the jurisdiction of this court in cases appealed from a county court to those in which the judgment or amount in controversy exceeds the sum of $100, exclusive of interest and costs. Constitution, art. 5, §§ 6 and 16; Revised Statutes 1925, art. 1819.

The record affirmatively shows that the amount in controversy and judgment from which this appeal is prosecuted was less than $100. It is immaterial that the amount originally claimed and recovered in the justice court exceeded $100. When the defendant appealed from that judgment to the county

court, the trial in that court was de novo, and the plaintiff had the same right to amend his pleadings that he would have had if a new trial had been granted the defendant in the justice court. Having availed himself of this right, and by amendment of his pleading reduced the amount in controversy to less than $100, the jurisdiction of the county court became final, and this court has no jurisdiction of an appeal from the judgment of the county court for a sum less than $100.

The cases of Mackay Tel. Co. v. Proctor (Tex. Civ. App.) 212 S. W. 547, and G., C. & S. F. R. Co. v. Cunnigan, 95 Tex. 439, 67 S. W. 889, are easily distinguishable from this case because of the fact that in neither of those cases was there an amendment of the pleadings in the county court by which the amount in controversy was reduced to less than $100. The Court of Civil Appeals for the Sixth District, in an opinion by Justice Levy, has clearly stated the rule which we think is conclusive of the question presented by this motion:

"We are of the opinion that the motion to dismiss, as made by the appellee, should be sustained. When the appellant filed his appeal bond in the county court, the county court thereby acquired full jurisdiction over the case" by appeal, "and its jurisdiction fully attached for all purposes to the exclusion of * * * the justice court. Railway Co. v. Wheeler [99 Tex. 428], 90 S. W. 481. The county court having acquired full jurisdiction over the case by the appeal, then, under the law, the same being a trial de novo, the rules provided by authority of law for the government of the county and district courts would be applicable to the case, and the appellee had the legal right to make an amendment of his petition upon leave of the court for that purpose. Rule 12 for District and County Courts, 67 S. W. xxi. Under contemplation of this rule, appellee, in amending his petition in the county court, could withdraw something from or add something to, that which had been previously pleaded, or correct that which had been incorrectly stated, in the justice court. He could reduce the amount in controversy in the justice court to a less amount in controversy in the county court, so as to correctly meet the amount the proof would show he was entitled to recover; and in doing so he would be acting within warrant of law. A trial, therefore, being had in the county court on this amended cause of action of the plaintiff, then the amount in controversy between the parties in the county court is only the sum of $91.25.

"Under the decisions of the courts in this state, the amount claimed in the petition, as prayed for by the plaintiff, determines jurisdiction; and that question is concluded by its averment of the amount. Ratigan v. Holloway, 69 Tex. 468, 6 S. W. 785; Alexander v. Thompson, 38 Tex. 543 [533]; Rose v. Riddle, 3 Willson, Civ. Cas. Ct. App. § 298. So, guided by these decisions and rules, * * * the amount in controversy in the county court between these parties was only $91.25, exclusive of costs and interest, as shown by the petition and prayer of the appellee. The case of Railway v. Cunnigan, 95 Tex. 439, 67 S. W. 889, 4 Tex. Ct. Rep. 803, as contended by appellants decides this motion, is not a case nor a question like the appeal before us. There the amount sued for in the justice court was $200, and in the county court the same amount of $200 was in controversy between the parties, while the amount recovered was only $50. The plaintiff in that case did not change nor reduce the amount he sued for in the county court, as the appellee does in this case before us; and upon that state of facts the Supreme Court held that the amount sued for in the justice court, and not the amount of actual recovery in the county court, determined the amount in controversy on the question of jurisdiction in appeal to the Court of Civil Appeals." Motion granted. Appeal dismissed. Bishop v. Lawson, 47 Tex. Civ. App. 646, 105 S. W. 1008.

In the case of Globe Loan Co. v. Betancourt (Tex. Civ. App.) 171 S. W. 308, the Court of Civil Appeals for the Fourth District, the same court which rendered the opinion in the Cunnigan Case, makes the same ruling as that announced by Justice Levy in the Bishop Case above quoted. The motion to dismiss is sustained; and it is so ordered.

Dismissed.