## UPHAM GAS CO. et al. v. VEASEY.

No. 12178.

Court of Civil Appeals of Texas. Fort Worth. Feb. 22, 1930.

Rehearing Denied April 19, 1930.

Penix & Penix, of Graham, for appellants.

L. C. Counts and W. T. Daniel, both of Olney, for appellee.

CONNER, C. J.

This is an appeal from a judgment of the county court of Young county in favor of appellee, J. S. Veasey, against J. A. Upham and S. P. Upham, doing business in the corporate name of Upham Gas Company, for the sum of $84, with interest thereon at the rate of 6 per cent. per annum from October 16, 1928.

The suit was originally instituted by Veasey against the defendants in the justice court of precinct No. 1, Young county. As shown by the justice's transcript, the suit was "upon labor for $84.00 dated ——— day of ——— 19——, due ——— day of ——— 19——, interest % $———, attorney's fees % $———, total $———."

The citation issued by the justice of the peace on January 5, 1928, thus gives the nature of plaintiff's demand, viz.: "Being for the sum of $84.00 due, for labor done and performed by plaintiff for the use and benefit of defendants in the construction of its gas lines in the City of Olney, in Young County, Texas," etc.

The citation further recited that: "Plaintiff says that said labor was done and performed more than thirty days prior to the filing of this suit; that demand has been made for the payment of said amount from the defendants for more than thirty days prior to the filing of this suit, and that the defendants

have hitherto failed and refused to pay the same, or any part thereof, and still refuse to pay the same."

And the prayer was for the recovery of $84, with the further sum of $20 for attorney's fees and costs.

The trial in the justice court resulted in a judgment in favor of Veasey for the sum of $84 "with the further sum of $20 as his attorney's fee."

From the judgment of the justice of the peace, the case was duly appealed to the county court, where a trial de novo was had, resulting in the judgment herein first mentioned.

The appellee presents a motion to dismiss the appeal on the following ground, to wit: "The appellees' pleadings before the county court were wholly oral, and by such oral pleadings he amended his cause of action as set forth in citations, and by such amendment expressly withdrew and excluded his claim for attorney's fee in the sum of twenty dollars, and claimed only the sum of eighty-four dollars in said county court, and judgment was rendered thereon for the sum of eighty-four dollars, interest and costs, only."

Appellants answered the motion as follows: "It is true appellee's pleadings before the county court in this case were oral, as they were likewise oral in the justice court. Appellant, S. P. Upham, was present, as were his attorneys, W. H. Penix and H. B. Penix, at the trial of this case before the Honorable W. F. Parsley, County Judge of Young County; that appellee never, to the knowledge of appellants, amended his pleadings in the lower court, oral or otherwise, as to his claim for the sum of twenty dollars ($20.00) attorneys' fees, in addition to the eighty-four dollars ($84.00) claimed for labor; that as a matter of fact no amendment was made as to attorneys' fees in the presence and hearing of appellants during the trial of said cause and to substantiate this fact appellants submit herewith the affidavits of S. P. Upham, and W. H. Penix and H. B. Penix, which affidavits are attached hereto and marked exhibits A and B, respectively."

Attached to the motion to dismiss are affidavits to the effect that the pleadings in the county court were oral, and that the plaintiff through his attorneys "expressly amended such pleadings as expressed in citation before the justice court, and by such amended pleadings expressly withdrew and excluded claim for attorney's fee in the sum of twenty dollars, and claimed only eighty-four dollars, interest and costs, which said sum of eighty-four dollars was the only sum and account and claim submitted to the court, and in accordance therewith, on the pleadings and evidence, the court found and rendered judgment for the plaintiff in the sum of eighty-four dollars, interest and costs, only."

Appellants' resistance to the motion is also supported by affidavit to the effect that within the knowledge of affiants "neither in writing or orally, did appellee amend his pleadings as to his claim for twenty dollars ($20.00) attorney's fees for which he had obtained judgment in the justice court; that in the closing argument of counsel for appellee, counsel stated to the court that he did not ask that judgment be rendered for the attorney's fees, but nothing was said as to amendment of pleadings and no reference was made to appellee's pleadings relative to said claim for twenty dollars ($20.00) attorney's fees."

Judgments of a county court in cases appealed from a justice court may be reviewed only "when the amount in controversy or the judgment rendered shall exceed one hundred dollars, exclusive of interest and costs." See article 1819, Rev. St. 1925. The statutes provide that the pleadings in the justice court may be oral except where otherwise provided, and may be noted on the docket. Article 2388, Rev. St. If we assume that the pleadings of appellee, Veasey, in the county court were as indicated by the quotation from the citation issued by the justice of the peace, as appellants insist, then did the declaration to the judge of the county court by appellee's counsel that "he did not ask that judgment be rendered for attorney's fees" have the effect to so diminish the amount in controversy in the county court as to deprive this court of its appellate jurisdiction? This question must be answered in the negative, if, as appellants in effect contend, the declaration be treated as a mere voluntary credit entered in behalf of appellee. See Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294. That was a suit in the justice court for "$199.50," the demand in the justice court not otherwise appearing. The trial in the justice court resulted in a verdict and judgment for plaintiff in the sum of $199.50, from which an appeal was duly taken to the county court. In the county court the plaintiff filed his first original amended petition, reciting that it was presented "in lieu of the one filed herein on the 23rd day of June, 1907, Justice's Court, Precinct No. 1," which original petition, however, had not been made part of the record on appeal. In the amended petition so filed in the county court "it was specifically alleged that there was one hundred and sixty-nine tons of the coal so converted, and that the net loss to appellee resulting from the conversion was $1.50 per ton. A further item of $19.50 was also set out in the petition as a sum necessarily paid by appellee for coal more than would have been necessary," etc.

It thus appeared that the plaintiff's loss, as thus stated in the body of his amended petition, was in excess of $200, an amount in excess of the jurisdiction of the justice court; the appellate jurisdiction of the county court

being, in accord with the well-settled rule, dependent upon that of the justice court. The petition, however, concluded with the following prayer: "Wherefore this plaintiff prays for judgment for the amount sued for, and interest at 6 per cent. per annum, in all not to exceed $199.50, for costs of suit and all relief, both general and special."

And the judgment of the county court was so entered. On appeal from the judgment so entered to this court, we certified the question to the Supreme Court as to whether or not the special limitation in the prayer of plaintiff's petition ousted the jurisdiction of the county court. The Supreme Court, in an opinion by Mr. Justice Brown, concluded that the cause of action set up in the petition filed in the county court was the same as that set up in the justice court, which was that the defendant railway company failed to deliver to the plaintiff 169 tons of coal, the damages claimed being $1.50 per ton, making an aggregate sum of $253.50, of which, however, plaintiff only sought to recover $199.50. The court held that the amount in controversy "was the sum of $253.50 and of that sum the justice court has no jurisdiction. After the suit was instituted the plaintiff could not be permitted to remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the justice court." citing cases. The substance of the rule stated is that the jurisdiction of the court depends upon the facts stated in the pleadings and not on the prayer, and that a plaintiff should not be permitted to enter a fictitious credit for the purpose of giving jurisdiction.

The case before us, however, must be distinguished from the Canyon Coal Case, in that here, assuming for the purposes of argument, that the pleadings in the county court were the same as that indicated in the quotation from the citation issued by the justice of the peace, the plaintiff declared upon a debt of $84 for "labor performed" and the further sum of "$20 as attorney's fees," a total of $104.

Article 2226, Rev. Statutes, reads as follows: "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express or stock killed or injured, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for the full amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, not to exceed twenty dollars, if represented by an attorney."

In the absence of this statute, plaintiff had no right to recover attorney's fee on the mere ground that the defendant had declined to pay the claimed indebtedness of $84. To entitle the plaintiff to recover the $20 attorney's fees, it was necessary both to allege and to prove that his claim for labor had been presented for payment to the defendants 30 days prior to the institution of the suit, that the claim had not been paid or satisfied, and that his reasonable attorney's fees amounted to at least $20. The claim for labor done was entirely distinct from the claim for attorney's fees; each independent of the other and each dependent upon a different state of facts. In the absence of pleading and proof authorizing a recovery of the attorney's fees, it is clear that the only amount in controversy was the $84 for labor. The plaintiff could or not, as he chose, bring himself within the terms of the statute, but he was not compelled to do so. And it seems that the plaintiff might in such cases amend his demand, especially in the absence of a plea on the part of defendant that the claim or diminished demand had been entered by the plaintiff for the purpose of depriving this court of its appellate jurisdiction, which does not extend to sums less than $100. The power of the court to permit amendments is very general. See article 2001, Rev. Stats. Amendments may be permitted after opening argument, W. U. Tel. Co. v. Bowen, 84 Tex. 476, 19 S. W. 554; after testimony is closed, Lewis v. Hoeldtke (Tex. Civ. App.) 76 S. W. 309; plaintiff may abandon an amended petition and revive an original one without rewriting, Gardiner v. Griffith (Tex. Civ. App.) 56 S. W. 558; and pleadings in the county court on appeal may be so amended as to show jurisdiction, Hufstutler v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 216 S. W. 495; Y. M. C. A. of Dallas v. Schow Bros. (Tex. Civ. App.) 161 S. W. 931.

It would seem to follow, in the absence of any objection on the part of appellant, that appellee's withdrawal of his claim for attorney's fees constituted in effect an amendment of his pleadings in the county court, so that the only matter in controversy in the county court and the only judgment that could be rendered was for $84, the value of the labor claimed. In this respect the facts are distinguishable from those in the Canyon Coal Company Case. There the facts originally alleged as to the number of tons of coal and the value of each ton remained in controversy after the voluntary or fictitious credit had been allowed by the plaintiff. No part of the facts alleged had been withdrawn. In the case of American National Ins. Co. v. Murillo, 11 S.W.(2d) 849, by the Galveston Court of Civil Appeals, it was held that, on defendant's appeal from a judgment of justice of the peace to the county court, a trial in the latter court was de novo, and plaintiff had the same right to amend his pleadings that he would have had if a new

trial had been granted defendant in the justice court, and that, where plaintiff in the justice court had sued on a claim for $90.15 and $25 attorneys' fees and recovered both amounts with 12 per cent. penalty, and on appeal to the county court filed an amended petition demanding $90.15 without claiming the penalty or attorneys' fees, the Court of Civil Appeals had no jurisdiction from the judgment of the county court, citing cases.

In the case of Bishop v. Lawson, 47 Tex. Civ. App. 646, 105 S. W. 1008, the plaintiff sued to recover $175. He recovered judgment for $91.25, and upon appeal to the county court so amended his petition by leave of court as only to claim the latter amount, which he again recovered in the county court. It was held that, the amount in controversy in the county court being less than $100, the defendant could not appeal to the Court of Civil Appeals.

There is nothing in the entire record, either in the justice court or in the county court, to show what the pleadings were. The only evidence relied upon is the citation from the justice court, to which we have referred before. The citation in the justice court was *not a pleading and does not purport to be.* The wording used to indicate the nature of plaintiff's demand was that of the justice of the peace and not of the plaintiff, and it has been expressly held that the county court is not entitled to look to the citation in the justice court for the purpose of determining what were the pleadings in that court. Wooley v. Corley, 57 Tex. Civ. App. 229, 121 S. W. 1139.

As before noted, there is nothing in the record either from the justice court or from the county court which shows the oral pleadings of plaintiff in the county court. We will assume, in aid of the justice court judgment, that the oral pleadings in that court were sufficient to justify the judgment. But we know of no rule or statute, or decision of the courts, that provides for the transmission of the oral pleadings in the justice court, not noted on the docket of that court, to the county court. In the case of Y. M. C. A. v. Schow Bros. 161 S. W. 931, this court held that pleadings in a justice or county court, though oral, are essential to raise an issue, and nothing in the record before us shows with sufficient evidence, if at all, that there were any pleadings in the county court which would have authorized a judgment in the plaintiff's favor for the $20 attorney's fee in addition to the $84 for labor. The declaration of counsel for plaintiff in argument that he did not claim such attorney's fee may have been prompted because the justice court made an error in that respect for want of pleadings or evidence, or on the ground that neither pleading nor proof before the county court would support a judgment for the attorney's fee. Indeed, in the absence of anything to the contrary shown, we must assume that the county court's judgment was based upon a proper pleading supported by sufficient proof.

We conclude that the plaintiff's motion to dismiss the appeal must be sustained, and it will be so ordered.