Lipscomb, J.
The petition in this case is bad, and shows no legal cause of action. It sets out a parol contract for certain and fixed compensation to do what appears on the face of the proceedings to be an illegal act. It was for aiding and assisting in seizing certain slaves, “belonging to and in possession “ of one-Stafford, and guarding them after such seizure; ” and the petition avers no right or authority in law for such seizure, and it was manifestly a trespass, and in violation of law, to make such a contract, and absolutely void. .The demurrer, therefore, ought to have been sustained, and the court below erred in overruling it.
But this is not the only error. The suit was brought 115011 an express contract to give the services of the two slaves for one year, or the alternative of paying three hundred dollars; and the recovery of this three hundred dollars was the direct object and gist of the action ; and it will be seen, by reference to the statement of facte, tliat there was not the slightest scintilla of evidence of *215 such a contract to pay the three hundred dollars; yet the jury found a verdict for the plaintiff for three hundred dollars, on which the judgment was rendered; and the court overruled a motion to grant a new trial. The verdict was without any evidence to support it, and ought, most clearly, to have been set aside. If there has been anything- settled by this court, it is that the alia-¡lata and. probata must correspond and agree; and no verdict or judgment 'can be sustained unless there has been an averment to let- in such evidence. (Mims v. Mitchell, 1 Tex. R., 443; Harrison v. Nixon, 9 Peters, 503.) The express contract being the only one set out and averred in the petition, evidence to support an implied contract could not be received. It would be a variance from the allagata. (Story on Contracts, secs. 12, 13, and 16; Chitty on Contracts, 25; Harrison v. Nixon, 9 Peters, 503.)
Note 71. — Lee v. Hamilton, 12 T., 413; Earle v. Thomas, 14 T., 583; Andrews ». Southwiek 20 T., Ill; Dodd v. Arnold, 28 T., 97; Patton v. Banker, 29 T., 402.
The modification given by the court to the first and third charges prayed by the defendant was predicated upon the supposition that there had been a contract stipulating a certain sum of money to be paid by the defendant on condition of his not giving the property, and was calculated to mislead the jury, and no doubt produced their verdict for the three lmudred dollars, when in truth there was no such contract proven. Had there been an allegation in the petition similar to the quantum, meruit count of the English declaration, the evidence would not have authorized a verdict for more than twenty-five dollars; but there being no such allegation the verdict ought to have been for the defendant. The judgment is therefore reversed and the cause remanded.
Keversed and remanded.