## J. M. BALLEW v. J. A. CASEY ET AL.

### (Case No. 1608.)

1. SUIT ON ACCOUNT—EVIDENCE.—In a suit to recover on an itemized account, under an allegation that the defendant promised to pay on demand what the goods sold were reasonably worth, evidence is admissible showing an agreement between the contracting parties, when the goods were sold and delivered, by which the purchaser agreed to pay the sums therefor set forth in the account; such evidence is not inconsistent with the cause of action set forth in the petition.

2. SAME.—In such an action, no recovery could be had for an amount in excess of the value agreed on in such a contract. Distinguished from McGreal v. Wilson, 9 Tex., 426.

3. DEMAND.—When the obligation to pay is complete, no demand is necessary before the institution of suit to recover thereon.

APPEAL from Johnson. Tried below before the Hon. Jo Abbott.

This was a suit brought by the appellees against the appellant on an itemized account for goods and merchandise amounting to $1,030.84, alleged to have been sold and delivered to the defendant, for which he promised to pay on demand what they were reasonably worth. Attached to the petition was the account, sworn to by one of the plaintiffs before a notary public, but it did not appear in the certificate of the notary that his official seal was affixed thereto, or that he had no official seal. Plea, general denial; cause submitted to the judge without a jury; judgment for the plaintiffs for the amount sued for.

On the trial the defendant objected to the introduction of the itemized account and the affidavit thereto as evidence: 1st. For irrelevancy, in that the allegations of the petition showed the suit to be founded on an implied contract to pay what the goods were reasonably worth, and not for a fixed and stipulated price as indicated on the face of the account. 2d. Because it did not appear from the account or affidavit that the account was supported by the affidavit of either the plaintiffs or their attorneys. 3d. Because plaintiffs' petition disclosed the fact that suit was brought for what the goods alleged to have been sold were reasonably worth, thereby requiring a judicial ascertainment of the fact as to how much the goods were worth, and consequently that the account thus offered, if there was no express agreement as to the price of the goods, was not such an open account as was contemplated under art. 2266, Revised Statutes, to be made available as *prima facie* evidence of its correctness by the party offering it. These objections were overruled, to which the defendant excepted, and the account and affidavit were introduced by the plaintiffs as evidence.

The defendant testified as a witness that the articles specified in the account upon which the suit was instituted were purchased from the plaintiffs at an agreed price, and at the times of the purchases of the several articles therein mentioned, the prices charged for them, and set out in the account, were by him and the plaintiffs agreed upon as the prices of the articles respectively.

The defendant appealed from the judgment and assigned several grounds of error, all of which related to the admission in evidence of the account and affidavit, and also to the insufficiency of the evidence under the allegations of the petition to warrant the rendition of a judgment against the defendant, because the plaintiffs' action, as he urged, was based upon an implied promise to pay the value of the goods sold, and not upon a contract to pay a stipulated or agreed price.

No briefs on file for either party.

WALKER, P. J. COM. APP.— The evidence furnished by the defendant's testimony was sufficient to sustain the judgment that was rendered. According to the plaintiffs' petition the defendant "bound, obligated himself, and promised to pay" the plaintiffs, on demand, what the goods were reasonably worth. The evidence of what that value was is shown by agreement between the contracting parties at the times of the respective sales and delivery of the goods, which the defendant testified was the several sums of money charged in the itemized account sued on; and as between the parties to the sale such evidence must be deemed conclusive. Such a transaction is, it is true, a contract for sale of the goods at a stipulated, fixed price, yet it is not incompatible with the cause of action as set forth in the petition. Clearly the plaintiffs could not, under their allegations, recover as the reasonable value of the goods, an amount in excess of that which had been agreed on as their value, but they may recover the particular sum or sums thus agreed on, or any less sum.

The cause of action set forth being for the value of the goods, that value may be shown by evidence which establishes the agreement of the parties ascertaining at the time of the sale what that value was. This view does not derogate, we conceive, from the rule of law so firmly established in numerous cases decided by our supreme court (Mims v. Mitchell, 1 Tex., 443; McGreal v. Wilson, 9 Tex., 426; Hunt v. Wright, 13 Tex., 549; Gammage v. Alexander, 14 Tex., 414), to the effect that the *allegata* and *probata* must correspond and agree, and that no verdict or judgment can be

sustained unless there has been an averment to let in the evidence on which the same is based.

A distinction must be recognized, we think, between this case and that where the plaintiff relies for recovery on allegations of a special contract as to the terms and the price of the goods, and attempts to support the action by proof of the value of the goods without reference to the special contract; or, as in McGreal *v.* Wilson, *supra,* where the petitioner alleged a contract to pay a specific amount for services to be rendered, and sought to maintain the suit by proof as to the reasonable value of the services. In such cases as those the departure from the action sued on is apparent, and the evidence offered in such cases tends to and generally would establish a basis of recovery variant from the contract of the parties, and consequently a liability would be fixed thereby wholly different from that which the plaintiff's petition claimed against the defendant. But in the case before us, the plaintiffs' cause of action virtually asserts that the goods sold were of the values specified in the items respectively of the account, and the evidence shows that the contracting parties agreed at the time of the sales thereof, that the goods were of the values claimed by the petition. The testimony of the defendant establishing the value of the goods as agreed on was offered without objection, and it may be reasonably inferred was introduced at his own instance, and it thus being before the court was the proper subject of consideration. It tended to and was indeed amply sufficient to sustain the plaintiffs' cause of action.

It is urged that there was no evidence of a demand. When an obligation to pay is complete a cause of action at once arises, and no formal demand is necessary. Watson *v.* Walker, 23 N. H., 471; O'Conner *v.* Dingley, 26 Cal., 11.

The fair and reasonable construction of the contract of the sales of the goods, as set forth in the petition, is that the prices for which the goods were sold were due and payable at the time of delivery, or at such time thereafter as the plaintiffs should elect to demand payment, and not that the sales were made on an indefinite credit, the limit of which was to be ascertained and determined by a formal demand for payment. Therefore no demand before suit was necessary.

Under the view we have taken of this case it is not essential to consider any other of the assigned errors than such as have been discussed in this opinion, and we conclude that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted January 15, 1884.]