### JAMES W. TUFTS v. W. C. HODGES.

No. 474.

Jurisdiction—Amount in Controversy.—Suit in Justice Court was on note for $80 and to foreclose a lien on personal property worth $150. The property was destroyed by fire before trial in the County Court, and being thus eliminated from the case, the Court of Civil Appeals was without jurisdiction to entertain an appeal in the case, the amount in controversy being less than $100, exclusive of interest and costs.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH.

*Cobb & Avery*, for appellant.—1. Where a suit is brought to foreclose a lien on property, the value of the property determines the jurisdiction of the trial court and the jurisdiction of this court to entertain an appeal. Smith v. Giles, 65 Texas, 341; Marshall v. Taylor, 7 Texas, 233; Fisher v. Bogart, 2 W. & W. C. C., sec. 121; Cotulla v. Goggan, 77 Texas, 32.

2. Where the County Court has acquired jurisdiction of a suit seeking to foreclose a lien on property worth $150, the right to appeal from said court is not defeated by the accidental or willful destruction or loss of the property while the cause is pending in the County Court. Cotulla v. Goggan, 77 Texas, 32.

*J. W. Moore*, for appellee.—1. This appeal should be dismissed, unless the judgment in the County Court, or the amount in controversy in the County Court at the time of the fire, exceeds $100. No judgment was rendered in the County Court for any amount except for costs of suit. The amount in controversy was the $80 claimed to be due on the notes. The soda fountain had been totally destroyed by fire, and there could be no controversy as to it. Acts 1892, pp. 26, 43; Rev. Stats., art. 1380.

2. The trial in the County Court, where an appeal has been taken from the Justice Court, is de novo, and the facts which authorize an appeal to a higher court must exist at the time of trial in the County Court. Constitution, as amended, art. 5, sec. 16; Acts 1892, p. 43.

3. If the notes and instrument executed by appellee did create a lien on the soda fountain, then the amount in controversy in the Justice Court was the debt and the security given for its payment. The litigation would comprehend the debt and subject matter of the mortgage. The subject matter of the mortgage being destroyed, there was nothing in controversy in the County Court except the debt, and on that the judgment of the County Court would be final. Marshall v. Taylor, 7 Texas, 235.

RAINEY, ASSOCIATE JUSTICE.—Appellant sued appellee in the Justice Court to recover on eight promissory notes aggregating $80, and to foreclose a lien upon a soda fountain worth $150, for which the notes were executed by appellee. Judgment was rendered for Hodges in the Justice Court, and Tufts appealed to the County Court. While the appeal was pending in the County Court, the soda fountain was destroyed by fire, and when the case was tried in that court the subject of controversy was the amount of the notes—$80 and interest. A trial in the County Court resulted in a judgment in favor of Hodges, from which Tufts attempts to perfect an appeal to this court.

We are met at the threshold of investigation with the proposition that this court has no jurisdiction of the appeal, as the amount in controversy does not exceed $100. This court can only entertain appeals from the County Court when the amount in controversy exceeds $100, exclusive of interest and costs. Rev. Stats., art. 1380.

The property on which the lien existed having been burned before the trial of the cause in the County Court, it was eliminated from the controversy, and the only thing that was tried in the County Court was the question of indebtedness, as evidenced by the notes, which amounted to $80, exclusive of interest and costs.

The amount in controversy not exceeding $100 at the time of the trial, the judgment of the County Court was final, from which appellant could take no appeal.

*Appeal dismissed.*

Delivered September 26, 1894.