BULLOCH v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 1310.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 19, 1914. Rehearing Denied Dec. 3, 1914.)

1. APPEAL AND ERROR (§ 882*)—REVIEW—INVITED ERROR—INSTRUCTIONS.

Where a petition for injuries, suffered by reason of catching cold in an unheated car, alleges that plaintiff at the time was in perfect health, except a slight weakness incident to an operation for appendicitis, plaintiff cannot object that an instruction making it the carrier's duty to heat the car so that a person in normal health and physical condition would not suffer inconvenience stated too low a degree of warmth.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

2. TRIAL (§ 251*)—INSTRUCTIONS—APPLICATION TO ISSUES.

A petition for injuries to a passenger, suffered by reason of an unheated car, alleging that plaintiff was at the time in perfect health, except a slight weakness incident to a prior operation for appendicitis, is insufficient to authorize the submission of an issue of aggravation of previous injury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS.

A party may not allege error as to instruction on an issue not pleaded by him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

4. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY MAIN CHARGE.

A requested instruction sufficiently covered by the main charge is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

5. APPEAL AND ERROR (§ 759*)—BRIEFS—ASSIGNMENTS.

An assignment of error not copied in the brief will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from District Court, Hunt County; A. P. Dehoncy, Judge.

Action by J. W. Bulloch against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for defendant, plaintiff appeals. Affirmed.

The appellant brought the suit against appellee company to recover damages for injuries to his wife, alleged to have been suffered in consequence of its negligent failure to supply needed heat in one of its coaches on which she was a passenger from Dallas to Greenville. The defendant, besides denial, pleaded negligence of the wife proximately causing her suffering. There is a conflict of evidence as to whether or not the defendant

company was guilty of negligence in failing to supply the coach with needed heat from the cold weather, and there is conflict of evidence as to contributory negligence of the wife in the several respects pleaded. These several questions were by the court submitted to the jury, and were by the jury decided adversely to the plaintiff. We find the verdict of the jury fully supported by sufficient legal evidence. There is no point made on the appeal in respect to the evidence.

Evans & Carpenter, of Greenville, for appellant. Dinsmore, McMahan & Dinsmore, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). [1] The charge of the court authorized the jury to return a verdict for the plaintiff for the injuries sued for, upon the finding by the jury that:

(1) "Defendant's employés in charge of said train failed to properly heat the car in which plaintiff and his wife were riding, and to keep the same warm to the extent that a person in normal health and physical condition traveling thereon would not suffer inconvenience and injury from the cold;" and (2) "that such failure to heat and keep said car warm, if there was such failure, was negligence" proximately causing the injuries.

Appellant predicates error upon this paragraph of the charge in defining the degree of warmth that was essential to the demand of his wife as, being "to the extent that a person in normal health and physical condition traveling thereon would not suffer inconvenience and injury from the cold." Appellant pleaded in his petition:

"That at the time of the exposure causing the injuries herein set forth she was in perfect health, suffering only from a slight weakness and disability that would be naturally incident to an operation for appendicitis, performed prior to that time at the Baptist Sanitarium in Dallas."

Appellant alleges that the defendant failed to discharge its duty to his wife as a passenger, in this:

"The weather was cold, damp, and disagreeable, and it was necessary for the protection of the passengers on that train that said train be heated and kept warm, but that, notwithstanding the cold, disagreeable weather, the defendant, through its agents and servants, failed and neglected to keep the coaches warm and comfortable, but, on the contrary, the coach in which plaintiff's wife rode from Dallas to Greenville was allowed to be without fire or warmth, and was cold, open, damp, and disagreeable; that plaintiff's wife became very cold, her feet were cold and her body was chilled, and she was caused to suffer a chill and rigor while in said train, in consequence of said exposure, which resulted and caused her to contract a severe cold and la grippe, causing chronic injury and inflammation of the lungs and bronchial tubes and tuberculosis of the lungs."

Properly construing the petition, the plaintiff's case, it must be considered, is founded on the claim that his wife, being "in perfect health, suffering only from a slight weakness naturally incident to an operation for appendicitis, performed prior to that time," at

the time she became a passenger was caused to suffer a severe illness and permanent impairment of health through the negligence of defendant in allowing the car "to be without fire or warmth" and "cold, open, damp and disagreeable." The exact degree of warmth that is essential to passengers, considering the varying predisposition of persons to heat and cold, cannot clearly be defined, and becomes a question that must be dealt with as the proof in each case must authorize. Under a condition of weather that is "cold, damp, and disagreeable," as alleged here, it may be the exercise of a high degree of care on the part of the railway company towards a passenger in supplying the heat in the coach needed to prevent inconvenience and injury to persons generally of normal health. By claiming in the petition that his wife was in good health and had assumed the relation of passenger in that good condition of health, the court's charge in requiring the car to be heated to the degree essential to the need of a person in normal health was but measuring the liability of the defendant to plaintiff in accordance with the declared fact of the petition that the wife was in that normal condition. Had the jury determined under this charge, as they were authorized by its terms to do, that there was a negligent failure to supply the heat needed by a passenger of normal health, such verdict in favor of the plaintiff would have support in, and certainly be in accordance with, his pleading. Plaintiff, at most, could ask no more than his petition averred. It is not believed, in view of the pleading, that appellant can very well insist that the court grievously erred in authorizing a verdict in his favor upon the finding that the railway company negligently failed to keep the coach to that degree of warmth for his wife that was essential to her as a person of normal health and physical condition. As there was no injury to appellant, the assignment is overruled. Rule 62a (149 S. W. x).

[2, 3] The second assignment predicates error in the fourth paragraph of the court's charge substantially the same as in the preceding paragraph, in defining the degree of warmth of the car as being that essential to "persons in normal health and condition." The fourth paragraph, however, undertakes to submit a phase of negligence to the jury dependent upon special circumstances, and quite different from that submitted in the third. The instruction now being considered authorizes the plaintiff to recover of defendant damages upon the ground that the negligent failure to keep the coach in needed heat "aggravated her condition" of health and physical condition, which already "was impaired prior to taking the journey on defendant's train on January 6, 1912." The petition did not aver that at the time she became a passenger she was suffering from seriously impaired health, and that such condition was known to the employés in charge of the car. The petition averred a contrary condition of health. It was incumbent, we think, upon appellant to allege these special circumstances in order to be entitled to have submitted such issue to the jury. And failing, as appellant did, to allege the facts showing the legal liability sought by the instruction to be enforced, he would not be entitled to insist upon a reversal of the judgment by reason of the challenged instruction. Appellee could well insist, as it does, that no injury authorizing reversal could be predicated by appellant upon instructions respecting an issue not pleaded by him. The assignment is overruled.

The third assignment is overruled on the same ground that the second assignment is overruled.

The fourth assignment is overruled. The charge correctly presents an issue in respect to contributory negligence raised by the answer and the evidence.

[4] The fifth assignment is overruled. The question sought to be covered by the special charge was sufficiently covered by the court's main charge.

[5] As the sixth assignment is not copied in the brief, we cannot understandingly pass on it, and therefore do not consider it, because of the failure to comply with the rules in respect thereto.

The judgment is affirmed.