**McADAMS et al. v. BURDINE.**    (No. 1828.)

(Court of Civil Appeals of Texas.   Amarillo. June 1, 1921.)

Brokers ☞49(2) — Provision for liquidated damages held not to prevent enforcement of contract, so that brokers were entitled to commissions, though not performed.

A provision in a contract for the sale of land, requiring the purchaser to deposit a sum to be paid to the vendor as liquidated damages in the event of failure to complete the purchase, does not make the contract a mere option, which the purchaser can refuse to perform on forfeiture of the deposit, but is one which can be enforced against him, so that the brokers who procured the purchaser are entitled to their commissions, though the contract was never performed.

Appeal from Collingsworth County Court; C. C. Small, Judge.

Suit by J. W. McAdams and others against G. W. Burdine to recover commission for procuring a sale of defendant's land. Judgment for defendant, and plaintiffs appeal. Reversed, and judgment entered for plaintiffs.

R. H. Templeton, of Wellington, for appellants.

A. C. Nicholson, of Vernon, for appellee.

BOYCE, J. Appellants, McAdams and others, brought this suit against appellee, Burdine, to recover a commission alleged to have been earned by plaintiffs in procuring a sale of defendant's land. There is no dispute over the fact that a listing contract was made and that plaintiffs procured a party who entered into a contract with the defendant. The contract provided for a deposit by the purchaser of the sum of $200 in a certain bank and for payment thereof to the defendant as liquidated damages in the event the said purchaser failed to complete the purchase. Said party did refuse to carry out the contract, and the $200 was paid to defendant. The only question in the case is as to whether the contract entered into between the said purchaser, procured by the plaintiffs and the defendant, was an enforceable contract of sale, or afforded the purchaser the option of refusing to consummate the contract by payment of the $200 deposited as indicated.

The contract is in practically the identical language of the contract copied in full in the opinion in the case of La Prelle v. Brown, 220 S. W. 152. The court in that case held the contract to be one of which specific performance might be enforced, notwithstanding the provision for payment of liquidated damages in case of its breach. This court has previously expressed views in accordance with the conclusion reached in the La Prelle Case. Henderson & Grant v. Gil-

bert, 171 S. W. 308 (5); Crum v. Slade & Bassett, 154 S. W. 352. While the decisions are not in entire harmony, we will adhere to our former views and follow the La Prelle Case. A further discussion of the question here is not necessary, as the authorities are fully reviewed and considered in the opinions in the cases referred to.

The judgment of the trial court will be reversed, and judgment entered for appellants.