**WICHITA VALLEY RY. CO. v. MARSHALL.
(No. 2031.)**

(Court of Civil Appeals of Texas. Amarillo. Nov. 15, 1922. Rehearing Denied Dec. 13, 1922.)

**1. Appeal and error ⚖══62 — Where plaintiff abandoned claim for certain damages in open court, such damages did not constitute part of amount in controversy for purposes of appeal.**

In an action for damages from overflow of water claimed to have been sustained during two years, in which the plaintiff in open court abandoned any claim for damages sustained during one of the years, the amount in controversy for the purposes of appeal was the amount of damages alleged to have been suffered in the other year only.

**2. Appeal and error ⚖══58 — Interest, which might have been allowed as damages under proper prayer, not considered in determining amount in controversy.**

Where there was no prayer for interest, the interest which might have been allowed as damages under proper prayer could not be taken into consideration in determining the amount in controversy.

Appeal from Dickens County Court; Chas. McLaughlin, Judge.

Action originating in justice court by W. P. Marshall against the Wichita Valley Railway Company. Judgment for plaintiff on

appeal to county court, and defendant appeals. Appeal dismissed.

W. D. Wilson, of Spur, for appellant.

James L. Wahlford, of Spur, for appellee.

BOYCE, J. W. P. Marshall sued the Wichita Valley Railway Company in the justice court, to recover damages alleged to have resulted to his crops, etc., from overflow of water caused by the erection of an embankment on defendant's right of way across a water course, known as Wilson's draw. Damages sustained for two years, 1919 and 1920, were alleged separately, and the damages for each year were alleged to be $99. The prayer was that plaintiff "have judgment for the amount of $198, the amount sued for herein, for costs of suit, and for such other and further relief as he may be entitled to either in law or in equity." Judgment was rendered for plaintiff for $198 in the justice court. The defendant in the county court urged by exception that there was no liability for the damages sustained in 1919, and it developed during the trial that during the year 1919 the railway was under federal control. The plaintiff in open court then abandoned any claim for the damages sustained in 1919, and the judgment of the court (having recited such facts and the finding that the plaintiff sustained damages for the year 1920, in the sum of $75) was that plaintiff recover the sum of $75.

[1] If plaintiff had filed an amendment in the county court, eliminating the claim for damages alleged to have been sustained in 1919, there would be no question of the fact that the amount in controversy for the purposes of appeal would only be the amount of damages alleged to have been suffered in 1920. Bishop v. Lawson, 47 Tex. Civ. App. 646, 105 S. W. 1008; Globe Loan Co. v. Betancourt (Tex. Civ. App.) 171 S. W. 308. The formal abandonment of the claim in open court with recitation of that fact in the judgment, would, we think, have the same effect. Schulz v. Tessman, 92 Tex. 488, 49

S. W. 1031; G., H. & S. A. Ry. Co. v. Schlather (Tex. Civ. App.) 78 S. W. 953; Bledsoe v. G., C. & S. F. Ry. Co., 6 Tex. Civ. App. 280, 25 S. W. 314; Tufts v. Hodges, 8 Tex. Civ. App. 240, 28 S. W. 110.

[2] The amount claimed after elimination of damages was sustained in 1919 was $99. There was no prayer for interest, and interest which might have been allowed as damages under proper prayer could not be taken into consideration in determining the amount in controversy. I. & G. N. Ry. Co. v. Lyon (Tex. Com. App.) 243 S. W. 973; Id. (Tex. Civ. App.) 200 S. W. 228; Wells Fargo & Co. Express v. Crittenden (Tex. Civ. App.) 189 S. W. 296; T. & P. Ry. Co. v. Eldridge (Tex. Civ. App.) 204 S. W. 478.

We think this court is without jurisdiction, and the appeal will be dismissed.