## CENTRAL OIL DEVELOPMENT CO. v. SINCLAIR OIL & GAS CO.   (No. 1491.)

(Court of Civil Appeals of Texas. El Paso. May 24, 1923. Rehearing Denied June 21, 1923.)

**1. Damages 〜77 — Criterion in interpreting contract for payment of money on breach is intention of parties.**

The true criterion in interpreting a contract providing for payment of a specified sum of money on breach is the intention of the parties to be ascertained from the instrument itself.

**2. Damages 〜79(4)—Stipulation for amount of damages enforced, in absence of way by which court could arrive at actual damages.**

Where a contract stipulated for a certain amount of damages if drilling an oil well was not commenced within a certain time, and the actual damage for failing to commence drilling was not stated in the pleadings nor shown in the evidence, and there was no way by which the court could approximate between the actual damage and the stipulated damage, the stipulation as to damages will be enforced.

**3. Contracts 〜277(1)—Demand for payment of stipulated damages not necessary before suing.**

Where a contract contained a stipulation as to damages if drilling an oil well was not commenced in a certain time, demand for payment was not necessary before suing for breach.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Sinclair Oil & Gas Company against the Central Oil Development Company. From judgment for plaintiff, defendant appeals. Affirmed.

Scott W. Key, of Eastland, and Harry Holmes, of Houston, for appellant.

Edw. H. Chandler and Ralph W. Garrett, both of Tulsa, Okl., and Paul A. McDermott, of Fort Worth, for appellee.

WALTHALL, J. This suit was brought by the Sinclair Oil & Gas Company against the Central Oil Development Company to recover the sum of $5,000, upon the alleged breach of a mineral lease contract to begin the drilling of a well for oil and gas within 60 days from the date of the contract.

The facts necessary to be stated here are brief and uncontroverted.

The legal title to the 100 acres of land in controversy is vested in M. F. Greenwood, who on the 18th day of October, 1917, exe-

---

〜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cuted an oil and gas lease contract in the usual form of such instruments, to L. C. Heydrick. The term of the lease was to run for five years next following its execution, and upon the considerations and covenants therein expressed, none of which are brought into this controversy. By proper mesne assignments the above oil and gas lease contract from Greenwood to Heydrick became the property of the Sinclair Oil & Gas Company, and on the 30th day of November, 1920, that company entered into the contract involved here with the Central Oil Development Company. Both appellant and appellee are foreign corporations, each having permit to do business in this state. On the date last stated, for the consideration stated, the Sinclair Oil & Gas Company conveyed to the Central Oil Development Company an undivided one-half of its right, title, and interest in and to the oil and gas mining lease to the 100 acres involved, and reciting that in consideration of the conveyance the Central Oil Development Company agrees and binds itself as follows:

First. "That within sixty days from the date of the execution of this agreement party of the second part (Central Oil Development Company) shall commence the drilling of a well upon the above-described land * * * and shall prosecute the drilling of said well with due diligence. * * * It is further understood that if the drilling of said well is not commenced within sixty (60) days from the date of this agreement party of the second part shall pay to the party of the first part (Sinclair Oil & Gas Company) the sum of five thousand ($5,-000.00) dollars. It is also understood that should the second party fail to drill the first well as herein provided, all its right and interest under this assignment and contract shall cease and determine, and this contract shall be terminated."

The well was not commenced within the 60 days. The petition alleged the breach of the paragraph of the contract above quoted, in that the well was not commenced within the 60 days, nor at any time, and sought to recover $5,000 as the damages alleged to have been sustained by reason of such failure to commence the well, and a cancellation of the assignment and conveyance of the one-half interest conveyed.

The Central Oil Development Company answered by general demurrer, general denial, and disclaimed as to any right, title or interest in the leasehold estate and consented that plaintiff have judgment vesting title in plaintiff. The demurrer was overruled. The case was tried without a jury, and on the pleadings and evidence heard judgment was rendered in favor of plaintiff for $5,000 as its damages sustained, and recovery of the title and possession of the leasehold estate. The Central Oil Development Company prosecutes this appeal.

## Opinion.

[1] One question practically is presented, but submitted under two propositions: That the payment of the sum of $5,000 should be construed as a penalty clause to cover the actual damages sustained, and that it was error to permit a recovery of that sum as a liquidated demand; and that in the action to recover the specified sum of $5,000 upon the breach of the contract to begin the well within the time named, the evidence was insufficient to sustain the judgment if no demand for payment of such sum is shown and refusal to pay. No damages were alleged or shown to have been actually sustained other than as appears in the contract, and the damages awarded must necessarily have been based upon the amount stated in the paragraph of the contract above quoted. Appellant, by general demurrer, challenged the sufficiency of the petition to sustain any cause of action for damages, and the question presented arises upon the demurrer. The true criterion in the interpretation of the contract providing for the payment of a specified sum of money upon the breach of a contract is the intention of the parties, that intention to be ascertained by the terms of the instrument itself. Yetter v. Hudson, 57 Tex. 604; Durst v. Swift, 11 Tex. 281; Moore v. Anderson, 30 Tex. 230; Eakin v. Scott, 70 Tex. 442, 7 S. W. 777.

[2] The contract provides that if the drilling of the well is not commenced within 60 days from its date, the appellant shall pay to the appellee the sum of $5,000. The provision of the contract for the payment of the sum stated is unambiguous. The stipulation is plainly and clearly expressed, and its payment conditioned only upon its breach. The actual loss or damage, if other than as stipulated, is not stated in the petition, nor in the answer, nor in the evidence, and there is no way by which the trial court nor this court can approximate between the actual damage sustained, and the stipulated amount agreed to be paid, if in fact there is any difference between them. As said by our Supreme Court in Collier v. Betterton, 87 Tex. 440, 29 S. W. 468, where the intention of the parties is not made to appear otherwise than as agreed, the basis for the recovery must be the damages stipulated for in the contract. Halff v. O'Connor, 14 Tex. Civ. App. 191, 37 S. W. 238; Reinhardt v. Borders (Tex. Civ. App.) 184 S. W. 791.

The right to recover damages for its breach is implied in every contract, and parties may stipulate in advance as to the amount which shall be paid in compensation for loss which may result in event of a breach, and unless it is made to appear that the amount stipulated for manifestly is not what the parties had in contemplation in entering into the contract, we see no reason why the amount

agreed upon for nonperformance should not be the basis for recovery. It is the province of the courts to construe contracts for parties litigant, not to make them.

[3] A demand for payment was not necessary. The rule in this state is stated in Balleu v. Casey, 60 Tex. 573, that where an obligation to pay is complete, a cause of action at once arises, and no formal demand is necessary.

Finding no reversible error, the case is affirmed.