**LEONARD et al. v. BURTON et al.**
(No. 2197.)

Court of Civil Appeals of Texas. El Paso.
Nov. 8, 1928.

Rehearing Denied Dec. 13, 1928.

Houtchens & Clark, of Fort Worth, for appellants.

M. B. Harris and Chas. Mays, both of Fort Worth, for appellees.

HIGGINS, J. There was no conflict in the evidence adduced upon the trial of this case. It is brief. The material facts shown are as follows:

December 15, 1924, appellees, Burton and others, leased to Prentice and Jarrell a building at 1622 Main street, in Fort Worth, to be used as a restaurant, at a rental of $1,-875, payable monthly. The term of the lease was from its date to December 31, 1925. The lessees later assigned the lease to a Mrs. Austin, and also sold and delivered to her the personal property in the building used in conducting the restaurant.

About February 12, 1925, Mrs. Austin assigned the lease and sold said personal property to appellants J. M. and O. P. Leonard. Upon the same date the lessors assented, in writing, to such assignment and sale. On February 15, 1925, appellants paid a month's rent up to March 15, 1925. Later they moved the personal property, vacated the building, and failed to pay further rent. On May 15, 1925, the lessors leased the building at $125 per month for the unexpired term. Other

pertinent facts will be stated in the course of the opinion.

The petition sets up the lease contract and additional allegations as follows: The lessees owned all the fixtures, furniture, and kitchen utensils then in the building; the lessees remained in possession a short time; in January, 1925, they sold to Mrs. Austin, plaintiffs subsequently assenting to the sale; Mrs. Austin operated the business and paid rent to February 14, 1925, when she sold the lease, furniture, and fixtures to appellants Leonard, who went into possession, assumed payment of the rents, paid one month's rent, and since have failed and refused to pay rent; on April 15, 1925, appellants removed the furniture and utensils, and sold or converted the same, with intent to defeat plaintiffs' lien; on May 15, 1925, plaintiffs relet the premises at $125 per month; the petition then describes the personal property upon which a lien was claimed and alleged the value thereof to be $750. Other allegations of the petition will be later stated. The prayer was judgment for the balance of the rentals, with foreclosure of "their landlord's lien and mortgage lien" upon said chattels.

The jury was peremptorily charged to return a verdict for plaintiffs against appellants for $487.50, principal, and 6 per cent. interest, which was done, and judgment rendered accordingly. Most of the many propositions submitted by appellant relate to the overruling of a general demurrer to the petition. We shall not attempt to discuss the same separately.

Where the amount in controversy does not exceed $500, exclusive of interest, the district court has no jurisdiction; the same being vested exclusively in the justice and county courts. Where such amount exceeds $500, but does not exceed $1,000, exclusive of interest, the district court has concurrent jurisdiction with the county court. Articles 1906, 1949, 1950, R. S. It is settled law in this state, in actions to foreclose chattel mortgages, where the amount of the debt secured is less than the jurisdictional amounts mentioned, but the value of the property upon which foreclosure is sought exceeds such amounts, then the value of such property is regarded as the amount in controversy, and determines the question of jurisdiction.

It is also well settled that in such actions the alleged value of the property is accepted as true, unless challenged by plea in abatement filed in due order of pleading, setting up that it was falsely and fraudulently made for the purpose of conferring jurisdiction. Hoffman v. Cleburne, etc., 85 Tex. 409, 22 S. W. 154. There is another line of decisions which hold that, in suits to foreclose a landlord's lien, the question of jurisdiction is controlled by the amount of the debt, regardless of the value of the property upon

which the lien is sought to be foreclosed. Childress Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143, and cases cited.

In the present action the debt sued for, exclusive of interest, is $487.50. Under the authority last cited, the district court would lack jurisdiction of the present action, if the same was based solely on the debt and landlord's lien. But the plaintiffs also alleged they had a mortgage lien upon chattels of the value of $750, and sought to foreclose this lien, as well as the landlord's lien. Under the settled rule of law governing jurisdiction of such actions, the district court had jurisdiction of the suit to recover the debt of $487.50 and foreclose the asserted chattel mortgage, as the petition sought to do.

The question is here presented in support of the contention that the petition was subject to general demurrer. Upon demurrer the allegations as to value are accepted as true. There is a lengthy answer to the merits, in the last paragraph whereof appear averments that the allegations of the petition respecting the value of the property were falsely and fraudulently made for jurisdictional purposes, because plaintiffs knew they had waived their lien and had no right to foreclosure. As to this plea it may be remarked it was not in due order of pleading, as was necessary. Hoffman v. Cleburne, etc., supra. The only evidence offered as to the value of the chattels was that they were worth from $900 to $1,000, and there was no evidence that plaintiffs knew they had waived their lien. Hence there could be no error in refusing to dismiss the suit upon the allegations of said last paragraph in the answer.

Nor was there any waiver of the mortgage lien, a question which will be discussed in connection with the further claim that there was no mortgage lien, and that this is all shown by the averments of the petition. In this state mortgages are regarded as liens for the security of the debt.

Unless the contrary is provided by statute, the general rule in all jurisdictions is that no particular form of words is necessary to create a chattel mortgage. Any language showing an intention to create a lien upon chattels to secure a debt is sufficient. See 11 C. J. 452, title "Chattel Mortgages," where it is also said: "So it has been held that a mortgage is created by reserving a lien in an instrument, or by creating a charge against the property in the nature of a mortgage."

In 36 C. J. title "Landlord and Tenant," p. 486, it is said: "In many cases, the courts have placed liens for rent reserved by the lease in the category of chattel mortgages, and, where the lease was not recorded as a chattel mortgage, have refused to enforce the lien against third persons against whom an unrecorded chattel mortgage would not have been enforced. As against the lessee, however, such a provision in a lease is enforceable, although the lease is not recorded."

The lease contract was signed by both the lessors and lessees and contained this provision: "And, further, that for the whole of said rents to be paid by said lessees as aforesaid, a lien is hereby reserved upon the premises hereby leased, the interest of said lessees in and to the same, and the property of the said lessees upon said premises, in favor of said lessors or their assigns, prior and preferable to any and all other liens thereupon whatsoever."

This provision of the lease clearly evidences an intention on the part of the lessees to give the lessors a lien upon the personal property of the lessees upon the premises. There is no reason why this intention should not be given effect. It created a contract lien upon the personal property of such lessees in the building, independent of the statutory landlord's lien. Being a contract lien upon chattels, it was nothing more nor less than a chattel mortgage.

The petition averred that at the time the lien was executed the lessees "owned all the fixtures, furniture, kitchen utensils, of every kind and character," then in the building; that the lessees sold to Mrs. Austin, subject to plaintiffs' rights, without plaintiffs' consent, but they thereafter acquiesced; that Mrs. Austin sold, transferred, and conveyed to defendants Leonard the lease, as well as the furniture and fixtures, and said defendants went into possession "and assumed the payment of said rents according to the terms of said contract, and occupied said building, and recognized plaintiffs' lease contract and landlord's lien and mortgage lien on said fixtures and furniture," and paid one month's rent. It was also alleged "that under the terms of said lease, and of which the said defendants J. M. Leonard and O. P. Leonard had due notice, that for the whole of said rents, to wit, the sum of $1,875, the plaintiffs held a mortgage lien and landlord's lien upon all the furniture and fixtures located in said premises, to secure the payment thereof, and on which they had a right to hold as security for their debt." These allegations show a mortgage lien asserted, how it was created, that defendants had notice thereof, and assumed the payment of the rents and recognized the lien.

Regardless of an express assumption to pay the rents, the appellants, as assignees of the lease, were bound by its terms and liable to pay the stipulated rent. Le Gierse & Co. v. Green, 61 Tex. 128; Campbell v. Cates (Tex. Civ. App.) 51 S. W. 268.

The allegations of the petition are abundantly sufficient to state a cause of action against defendants for the unpaid rents, with foreclosure of mortgage, less the credits allowed of $125 per month received from the parties to whom the building was let after defendants vacated same.

■ As to the question of waiver, it of course is the well-settled general rule that a sale of mortgaged chattels by the mortgagor with the consent of the mortgagee operates as a waiver of the lien, and the purchaser takes title free from the same; but the rule has no application here.

■ Mrs. Austin had no right to sell the mortgaged chattels or assign the lease without the consent of the lessors. This in effect is our statutory law. Article 5496, R. S., and article 1558, P. C. The present lease expressly forbids an assignment of the lease. The consent given by the lessors was in writing, and was given simply to enable Mrs. Austin to do what she could not otherwise rightfully do. If plaintiffs were attempting to collect rents accruing prior to the time defendants acquired the lease and personal property, it might be they would be held to have waived the lien to that extent. But not so as to subsequently accruing rents, because, as assignees of the lease, defendants became bound by its terms, and as to rents subsequently accruing and owing by them the contract gave a lien upon the fixtures, furniture, etc., in the building owned by appellants. The failure to record the lease contract lien did not affect the validity of the lien between the parties as to the rents subsequently accruing.

■ The petition, after stating the facts showing liability on part of defendants for the payment of $487.50 in rent, averred: "The defendants have failed and refused to pay said rents or any part thereof." This certainly avers a breach of the rental contract. It was not necessary to allege demand. Ballew v. Casey, 60 Tex. 573; Central, etc., v. Sinclair O. & G. Co. (Tex. Civ. App.) 253 S. W. 328; McCelvy v. Bell (Tex. Civ. App.) 6 S.W.(2d) 390.

■ In reply to a number of appellants' propositions it is sufficient to say that it was not necessary for the petition to aver legal conclusions arising upon the facts pleaded. Towns' Pleading (1st Ed.) 258. The petition sufficiently set forth the terms of the contract sued upon.

■ The petition does not show the mortgaged property was not in existence. It is true the petition alleges the defendants had wrongfully removed the property from the building to some other place, or sold same and converted it to their own use. This does not show destruction of the property; nor does removal or sale at all affect plaintiffs' right to foreclosure against these defendants. So the cited case of Tufts v. Hodges, 8 Tex. Civ. App. 240, 28 S. W. 110, has no application.

■ The fact that the verdict and judgment did not dispose of the asserted liens did not affect the finality of the judgment. By implication it denied foreclosure. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77; Randle v. Barden (Tex. Civ. App.) 164 S. W. 1063.

From what has been said, it is shown the district court had jurisdiction of the action by reason of the suit being to foreclose a mortgage upon chattels of the alleged value of $750. The evidence shows conclusively plaintiffs should have had verdict and judgment awarding such foreclosure. Whether the failure so to do was due to inadvertence or error on the part of the trial court, the record does not disclose. In any event, the court had jurisdiction of the suit, and could render judgment for the rental due, even though the sum was less than $500. This the district court could have done, though the plaintiff had failed to maintain with evidence the action to foreclose the mortgage. Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881.

■ The error in failing to so foreclose was against the appellees, and affords no ground for reversal in behalf of appellants. Appellees make no complaint of the error. A reversal will not be ordered because of an error in the appellants' favor.

Some of the more than 50 propositions submitted by appellants may not be directly ruled by the above discussion. As to those not so disposed of, it may be said that they have all been considered, and are regarded as without merit. In many instances the record does not support the premise upon which the proposition is based. Other propositions are regarded as so obviously without merit upon the facts as to call for no discussion.

In any event, this opinion has already been unduly prolonged in disposing of the unnecessarily numerous propositions submitted in appellants' lengthy brief.

Affirmed.